SHAWN H. ROBINSON  #7295
RANDALL L. SKEEN #2970
COOK, SKEEN & ROBINSON LLC
Attorneys for Plaintiffs
5788 South 900 East
Salt Lake City, Utah  84121
Telephone (801) 266-7414
Facsimile:  (801) 892-5067

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| CHELSEA BOWLES; MICHAEL BOWLES; and M&C WHOLESALE, LLC<br><br>       Plaintiffs,<br><br>vs.<br><br>DRUG ENFORCEMENT ADMINISTRATION; DEPARTMENT OF JUSTICE;  AND<br>UNITED STATES OF AMERICA<br>       Defendants. | COMPLAINT<br><br>Case No.  2:13-cv-00453-TC<br><br>Judge Tena Campbell |

Plaintiffs, Michael Bowles, Chelsea Bowles and M&C Wholesale, LLC, by and through counsel, hereby complain against Defendants for cause of action as follows:

JURISDICTION AND VENUE

1.  This action arises under the First, Fourth, Fifth and Fourteenth Amendments of the Constitution of the United States of America and 42 USC §1983, 1985 and 1988, to redress the deprivation, under color of law, as more particularly set forth herein.

2. Jurisdiction is conferred upon this Court under and by virtue of 28 USC §1331 and §1343 and 42 USC §1981, et seq.

3. Plaintiff Michael Bowles is a resident of the State of California, but has been a resident of the State of Utah and has conducted business in the State of Utah.

4. Plaintiff Chelsea Bowles is a resident of the State of Utah, and has conducted business in the State of Utah.

5. Plaintiff M&C Wholesale, LLC, is a California limited liability corporation and previously was a Utah limited liability corporation.

6. Defendant Drug Enforcement Agency is a Federal agency that seized funds and property from Plaintiffs in the state of Utah and other states.

7. Defendant Department of Justice is a Federal agency that seized funds and property from Plaintiffs.

8. Defendant United States of America is an entity that seized funds and property from Plaintiffs.

STATEMENT OF FACTS

9. Between July of 2012 and December of 2012, Defendants seized from Plaintiffs funds in excess of $332,080.88.

10. Upon information and belief, Defendants seized those funds from Plaintiffs in Utah, California and Maryland.

11. Upon information and belief, Defendants seized the above-referenced monies from Plaintiffs claiming that Defendants sold UR-144 and AM-2201, analogues of JWH-018 under the Federal Analogues Act.

12. UR-144 and AM-2201 are not analogues of JWH-018, a banned substance under the Federal Analogue Act.

13. James R. McCarthy, Ph.D., Professor at the Department of Chemistry and Chemical Biology at Indiana University, Purdue University Indianapolis, has analyzed those substances and concluded they are not analogues.  Attached hereto as Exhibit "A" is a true and correct copy of Dr. McCarthy's report.

14. A U. S.  District Court in Wisconsin recently held that UR-144 is not an analogue under the Controlled Substances Analogue Act.  Attached hereto as Exhibit "B" is the Wisconsin's Court's Decision and Order.

15. Plaintiffs have demanded that Defendants return to Plaintiffs the improperly seized funds by virtue of serving Requests for Admissions to Defendants.

16. Defendants have failed and refused to return those funds to Plaintiffs.

CLAIMS FOR RELIEF

FIRST CAUSE OF ACTION
(§1983 – Taking Without Due Process – All Defendants)

17. Plaintiffs reallege Paragraphs 1 through 16 above as though fully set forth herein.

18. As set forth in the factual allegations above, Defendants Drug Enforcement Administration, Department of Justice, United States Government deprived Plaintiffs of their money and funds in violation of their constitutional rights that prevents the deprivation of property without due process of law.

19. The actions of the above-named Defendants were in violation of Plaintiff's Fifth and Fourteenth Amendment Rights under the United States Constitution.

20. The actions of the above-named Defendants were under color of law.

21. As a direct and proximate result of the above-named Defendants' actions, Plaintiffs have suffered, and continue to suffer, monetary losses in an amount uncertain to date, but in an amount to be demonstrated at trial.

22. Plaintiffs are entitled to both pre-judgment and post-judgment interest thereon at the rate provided by law.

23. As a direct and proximate result of the above-named Defendants' wrongful acts, Plaintiffs suffered humiliations, embarrassment, discomfort, anxiety, harm to reputation and emotional distress in the amount of $500,000.00 or such amount to be demonstrated at trial.

24. As a direct and proximate result of the above-named Defendants' wrongful acts, Plaintiffs have been required to incur costs and attorney's fees and obtain counsel for the prosecution of this action.

25. Plaintiffs are entitled to reasonable attorney's fees and costs to be assessed and affixed under §1988.

SECOND CAUSE OF ACTION
(Substantive Due Process – All Defendants)

26. Plaintiffs reallege Paragraphs 1 through 25 above as though fully set forth herein.

27. Plaintiffs have a fundamental right to be free from arbitrary and malicious government actions against them.

28. The above-named Defendants violated Plaintiffs' substantive due process rights in that their actions infringed upon the fundamental rights of Plaintiffs and the above-named Defendants' shocked the conscience.

29. The above-named Defendants violated Plaintiffs' substantive due process rights by initiating the forfeiture actions against Plaintiffs that Defendants knew had no legal basis.

30. The above-named Defendants violated Plaintiffs substantive due process rights by depriving Plaintiffs of their property.

31. As a direct and proximate result of Defendants' actions, Plaintiffs have suffered and continue to suffer loss of income in an amount uncertain to date but in an amount to be demonstrated at trial.

32. Plaintiffs are also entitled to both pre-judgment and post-judgment interest thereon at the rate provided by law.

33. As a direct and proximate result of Defendants' wrongful acts, Plaintiffs suffered humiliation, embarrassment, discomfort, anxiety, harm to reputation and emotional distress in the amount of $500,000.00 or such amount to be demonstrated at trial.

34. As a direct and proximate result of Defendants' wrongful action, Plaintiffs have been required to incur costs and attorney's fees and obtain counsel for the prosecution of this action.

35. Plaintiffs are entitled to reasonable attorney's fees and costs to be assessed and affixed under §1988.

THIRD CAUSE OF ACTION
(Conversion – All Defendants)

36. Plaintiffs reallege Paragraphs 1 through 35 above as though fully set forth herein.

37. As set forth in the Statement of Facts, Defendants seized monies belonging to Plaintiffs.

38. Defendants knew, at that time, that the funds lawfully belonged to Plaintiffs.

39. Defendants converted said funds and property of Plaintiffs for their own use.

40. Defendants' actions were done without legal justification.

41. As a direct and proximate result of Defendants' wrongful acts, Plaintiffs suffered loss of funds in an amount to be demonstrated at trial.

42. Defendants' actions were willful and malicious.

43. Plaintiffs are entitled to punitive damages in an amount to be determined at trial.

FOURTH CAUSE OF ACTION
(§1983 Right to Petition – All Defendants)

44. Plaintiffs reallege Paragraphs 1 through 43 above as though fully set forth herein.

45. Plaintiffs filed a Petition for Remission with the Forfeiture Counsel for Protection Activities under the First Amendment Right to Petition. Defendants' denied Plaintiffs' relief under Plaintiffs' Petition for Remission. Plaintiffs are entitled to petition this Court for relief.

46. The action of Defendants were in violation of Plaintiff's First and Fourteenth Amendment rights under the United States Constitution.

47. The actions of Defendants were under color of law.\

48. As a direct and proximate result of Defendants' actions, Plaintiffs have

suffered, and continue to suffer, monetary losses in an amount uncertain to date, but in an amount to be demonstrated at trial.

49. Plaintiffs are entitled to both pre-judgment and post-judgment interest thereon at the rate provided by law.

50. As a direct and proximate result of Defendants' wrongful acts, Plaintiffs suffered humiliation, embarrassment, discomfort, anxiety, harm to reputation and emotional distress in the amount of $500,000.00, or such amount to be demonstrated at trial.

51. As a direct and proximate result of Defendants' wrongful acts, Plaintiffs have been required to incur costs and attorney's fees, and to obtain counsel for the prosecution of this action.

52. Plaintiffs are entitled to reasonable attorney's fees and costs to be assessed and affixed under §1988.

53. Plaintiffs are further entitled to injunctive relief ordering Defendants to seize any further unlawful acts.

WHEREFORE, Plaintiffs pray for relief judgment as more particularly set forth below:

1. Injunctive relief prohibiting Defendants from taking any further actions against Plaintiffs in violation of Plaintiffs' constitutional rights;

2. For declaratory relief finding that Defendant violated Plaintiffs' constitutional rights for damages against Defendants in an amount to be determined at trial;

3. For out-of-pocket costs and expenses incurred by Plaintiffs in this action;

4. For a return of Plaintiffs' funds seized by Defendants;

5. For loss of income in an amount to be determined at trial;

6. For special damages in an amount to be determined at trial;

7. For general damages for emotional distress and suffering in an amount to be determined at trial;

8. For punitive damages in an amount to be determined at trial;

9. For pre-judgment and post-judgment interest as provided by law;

10. For attorney's fees and costs of court; and

11. For such other and further relief as may be just and equitable under these circumstances.

DATED this 14th day of June, 2013.

                              COOK, SKEEN & ROBINSON

                              /s/  Shawn H. Robinson
                              SHAWN H. ROBINSON
                              Attorney for Plaintiffs